**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| In re: | § | Case No. 15-25385 |
|---|---|---|
| | § | |
| BURLING MANOR, LLC | § | |
| | § | |
| | § | |
| Debtor | § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/26/2015. The undersigned trustee was appointed on 07/26/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $0.00

    Funds were disbursed in the following amounts:

    | | |
    |---|---|
    | Payments made under an interim distribution | $0.00 |
    | Administrative expenses | $0.00 |
    | Bank service fees | $0.00 |
    | Other Payments to creditors | $0.00 |
    | Non-estate funds paid to 3rd Parties | $0.00 |
    | Exemptions paid to the debtor | $0.00 |
    | Other payments to the debtor | $0.00 |
    | Leaving a balance on hand of[1] | $0.00 |

    The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

6. The deadline for filing non-governmental claims in this case was 07/18/2016 and the deadline for filing government claims was 07/18/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $0.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $0.00, for a total compensation of $0.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/06/2017         By:   /s/ David R. Herzog
                                Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No: 1     Exhibit A

| Case No.: | 15-25385-TAB | Trustee Name: | David R. Herzog |
|---|---|---|---|
| Case Name: | BURLING MANOR, LLC | Date Filed (f) or Converted (c): | 07/26/2015 (f) |
| For the Period Ending: | 12/6/2017 | §341(a) Meeting Date: | 09/08/2015 |
| | | Claims Bar Date: | 07/18/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | |
| 1  2683 North Burling, Chicago, IL 60614 | $700,000.00 | $0.00 | | $0.00 | FA |
| **TOTALS (Excluding unknown value)** | $700,000.00 | $0.00 | | $0.00 | **Gross Value of Remaining Assets** $0.00 |

**Major Activities affecting case closing:**

11/16/2017   This Chapter 7 case filed by Burling Manor LLC was filed for the specific purpose of avoiding the outcome of a lawsuit pending in the Circuit Court of Cook County. The Debtor, Burling Manor only possessed one asset namely a single family dwelling located at 2683 North Burling, Chicago, Illinois 60614 (the "Property"). The house was not habitable but in the process of being re-habed. As a result of a myriad of building code violations, the City of Chicago had a receiver appointed to correct the code violations. The receiver, Aspen-Huron, LLC, spent over $1,100,000 in expenditures and improvements to the real estate. Under Illinois law, the lien of the receiver for the expenditures which have been made to the Property has priority over any existing mortgage or other liens on the Property. Accordingly, at the time of the filing of the case the Receiver, Aspen-Huron, had obtained a decree in the Circuit Court establishing that it had a first and prior lien ahead of the first mortgage lender, 2010-3 SFR Venture LLC, which was scheduled as having a claim of $1,320,000.

The case was filed in an attempt to thwart the Receiver from foreclosing its lien and obtaining possession of the Property. After the bankruptcy case was filed, an attorney in the office which represented the Debtor in the state court proceedings, formed a company known as Midwest CRE Acquisitions Inc., which purchased the note from SFR Venture LLC for $1,000. Moreover, investigation showed that the debtor's sole member, Angelica Jastrzebska, was a paralegal in this law office and orchestrated all of these proceedings. Ms. Jastrzebska failed and refused to attend a first meeting of creditors until a contempt petition was filed.

In order to prevent further fraud on the Receiver, the Receiver submitted a stalking horse real estate contract to me as Trustee in which the sale of the Property was advertised and bidding procedures were established to see if any additional bidders, other than the Receiver, would offer on the Property. The contract submitted by the Receiver provided that it would credit bid in the amount of its secured claim of $1,083,282, assumption of outstanding real estate taxes of $35,541 and a payment to me, as Trustee, of a fee of not more than 1.5% of the sales price. The Bankruptcy Court recognized that only two creditors existed in this case, Aspen-Huron and Midwest CRE, and that the Debtor and Midwest CRE were utilizing the bankruptcy case to circumvent the Receiver's paramount right to the Property. Accordingly, the Court approved the sale and awarded me a 506(c) fee to compensate me for all of my efforts in the case.

As an aside, Aspen Huron filed an adversary complaint to establish its priority over the lien of Midwest CRE. Midwest CRE failed to Answer or Otherwise Plead to the Complaint and therefore the first priority of Aspen-Huron's claim was established by the Bankruptcy Court. Moreover neither the Debtor nor Midwest CRE objected to the approval of the sale motion. Nevertheless, Midwest CRE appealed the sale order. Ultimately, the District Court found the appeal frivolous and awarded Aspen Huron's counsel $16,956.50 in attorney's fees and costs against Midwest CRE and its attorneys. Likewise, the matter was appealed to the Seventh Circuit Court of Appeals and a sanction of $2,500 was ordered against Midwest CRE and its counsel.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No: 2          Exhibit A

| | | |
|---|---|---|
| **Case No.:** | 15-25385-TAB | |
| **Case Name:** | BURLING MANOR, LLC | |
| **For the Period Ending:** | 12/6/2017 | |

| | |
|---|---|
| **Trustee Name:** | David R. Herzog |
| **Date Filed (f) or Converted (c):** | 07/26/2015 (f) |
| **§341(a) Meeting Date:** | 09/08/2015 |
| **Claims Bar Date:** | 07/18/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

**Initial Projected Date Of Final Report (TFR):** 12/31/2017      **Current Projected Date Of Final Report (TFR):** 12/31/2017

/s/ DAVID R. HERZOG
_____
DAVID R. HERZOG

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 15-25385-TAB | Trustee Name: | David R. Herzog |
| Case Name: | BURLING MANOR, LLC | Bank Name: | |
| Primary Taxpayer ID #: | **-***4489 | | |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 7/26/2015 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 12/6/2017 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  | TOTALS: |  |  | $0.00 | $0.00 | $0.00 |
|  |  | Less: Bank transfers/CDs |  |  | $0.00 | $0.00 |  |
|  |  | Subtotal |  |  | $0.00 | $0.00 |  |
|  |  | Less: Payments to debtors |  |  | $0.00 | $0.00 |  |
|  |  | Net |  |  | $0.00 | $0.00 |  |

For the period of **7/26/2015** to **12/6/2017**

| | |
|---|---|
| Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

For the entire history of the account between  to **12/6/2017**

| | |
|---|---|
| Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

Page No: 2        Exhibit B

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 15-25385-TAB | Trustee Name: | David R. Herzog |
|---|---|---|---|
| Case Name: | BURLING MANOR, LLC | Bank Name: | |
| Primary Taxpayer ID #: | **-***4489 | | |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 7/26/2015 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 12/6/2017 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

|  | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
|  |  | $0.00 | $0.00 | $0.00 |

**For the period of 7/26/2015 to 12/6/2017**

| | |
|---|---|
| Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 07/26/2015 to 12/6/2017**

| | |
|---|---|
| Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ DAVID R. HERZOG

DAVID R. HERZOG

CLAIM ANALYSIS REPORT                                   Page No: 1           Exhibit C

| Case No. | 15-25385-TAB | | | | | | | Trustee Name: | David R. Herzog | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Case Name: | BURLING MANOR, LLC | | | | | | | Date: | 12/6/2017 | | |
| Claims Bar Date: | 07/18/2016 | | | | | | | | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | MIDWEST CRE ACQUISITIONS INC. c/o James A. Karamanis 180 N. Stetson, Suite 3050 Chicago IL 60601 | 03/04/2016 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $0.00 | $1,688,218.12 | $1,688,218.12 | $0.00 | $0.00 | $0.00 | $1,688,218.12 |
| | | | | | | $1,688,218.12 | $1,688,218.12 | $0.00 | $0.00 | $0.00 | $1,688,218.12 |

| | |   | | |
|---|---|---|---|---|
| **Case No.** | 15-25385-TAB | | **Trustee Name:** | David R. Herzog |
| **Case Name:** | BURLING MANOR, LLC | | **Date:** | 12/6/2017 |
| **Claims Bar Date:** | 07/18/2016 | | | |

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|
| General Unsecured § 726(a)(2) | $1,688,218.12 | $1,688,218.12 | $0.00 | $0.00 | $0.00 | $1,688,218.12 |

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.:      15-25385
Case Name:     BURLING MANOR, LLC
Trustee Name:  David R. Herzog

|  | |
|---|---:|
| Balance on hand: | $0.00 |

Claims of secured creditors will be paid as follows: NONE

|  | |
|---|---:|
| Total to be paid to secured creditors: | $0.00 |
| Remaining balance: | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows: NONE

|  | |
|---|---:|
| Total to be paid for chapter 7 administrative expenses: | $0.00 |
| Remaining balance: | $0.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

|  | |
|---|---:|
| Total to be paid to prior chapter administrative expenses: | $0.00 |
| Remaining balance: | $0.00 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

|  | |
|---|---:|
| Total to be paid to priority claims: | $0.00 |
| Remaining balance: | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $1,688,218.12 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

**UST Form 101-7-TFR (5/1/2011)**

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Midwest CRE Acquisitions Inc. | $1,688,218.12 | $0.00 | $0.00 |

Total to be paid to timely general unsecured claims:  $0.00
Remaining balance:  $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

Total to be paid to tardily filed general unsecured claims:  $0.00
Remaining balance:  $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims:  $0.00
Remaining balance:  $0.00