**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 15-25385 |
| | § | |
| BURLING MANOR, LLC | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT**
**CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED**
**AND APPLICATION TO BE DISCHARGED (TDR)**

David R. Herzog, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1)       All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report.  The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law.  The trustee hereby requests to be discharged from further duties as a trustee.

2)       A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | | | |
|---|---|---|---|
| Assets Abandoned: *(without deducting any secured claims)* | $700,000.00 | Assets Exempt: | NA |
| Total Distributions to Claimants: | $0.00 | Claims Discharged Without Payment: | NA |
| Total Expenses of Administration: | $0.00 | | |

3)       Total gross receipts of $0.00  (see **Exhibit 1**), minus funds paid to the debtor(s) and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $0.00 from the liquidation of the property of the estate, which was distributed as follows:

| | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| Secured Claims (from **Exhibit 3**) | $0.00 | $0.00 | $0.00 | $0.00 |
| Priority Claims: | | | | |
| Chapter 7 Admin. Fees and Charges (from **Exhibit 4**) | NA | $0.00 | $0.00 | $0.00 |
| Prior Chapter Admin. Fees and Charges (from **Exhibit 5**) | NA | $0.00 | $0.00 | $0.00 |
| Priority Unsecured Claims (From **Exhibit 6**) | $0.00 | $0.00 | $0.00 | $0.00 |
| General Unsecured Claims (from **Exhibit 7**) | $0.00 | $1,688,218.12 | $1,688,218.12 | $0.00 |
| **Total Disbursements** | $0.00 | $1,688,218.12 | $1,688,218.12 | $0.00 |

4).  This case was originally filed under chapter 7 on 07/26/2015.  The case was pending for 0 months.

5).  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6).  An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: <u>03/21/2018</u>          By:   <u>/s/ David R. Herzog</u>
                                              Trustee

STATEMENT:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**EXHIBITS TO**
**FINAL ACCOUNT**

## EXHIBIT 1 – GROSS RECEIPTS
NONE

The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES
NONE

## EXHIBIT 3 – SECURED CLAIMS
NONE

## EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES
NONE

## EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES
NONE

## EXHIBIT 6 – PRIORITY UNSECURED CLAIMS
NONE

## EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | Midwest CRE Acquisitions Inc. | 7100-000 | $0.00 | $1,688,218.12 | $1,688,218.12 | $0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | $0.00 | $1,688,218.12 | $1,688,218.12 | $0.00 |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:   1          Exhibit 8

| Case No.: | 15-25385-TAB | | Trustee Name: | David R. Herzog |
| Case Name: | BURLING MANOR, LLC | | Date Filed (f) or Converted (c): | 07/26/2015 (f) |
| For the Period Ending: | 3/21/2018 | | §341(a) Meeting Date: | 09/08/2015 |
| | | | Claims Bar Date: | 07/18/2016 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| **Ref. #** | | | | | | |
| 1 | 2683 North Burling, Chicago, IL 60614 | $700,000.00 | $0.00 | | $0.00 | FA |

**TOTALS (Excluding unknown value)**                                                                                          **Gross Value of Remaining Assets**

|  | | $700,000.00 | $0.00 | | $0.00 | $0.00 |

---

**Major Activities affecting case closing:**

11/16/2017  This  Chapter 7 case filed by Burling Manor LLC was filed for the specific purpose of avoiding the outcome of a lawsuit pending in the Circuit Court of Cook County.  The Debtor, Burling Manor only possessed one asset namely a single family dwelling located at 2683 North Burling,Chicago, Illinois 60614 (the "Property").  The house was not habitable but in the process of being re-habed.  As a result of a myriad of building code violations, the City of Chicago had a receiver appointed to correct the code violations.  The receiver, Aspen-Huron, LLC, spent over $1,100,000 in expenditures and improvements to the real estate.  Under Illinois law, the lien of the receiver for the expenditures which have been made to the Property has priority over any existing mortgage or other liens on the Property.  Accordingly, at the time of the filing of the case the Receiver, Aspen-Huron, had obtained a decree in the Circuit Court establishing that it had a first and prior lien ahead of the first mortgage lender, 2010-3 SFR Venture LLC, which was scheduled as having a claim of $1,320,000.

The case was filed in an attempt to thwart the Receiver from foreclosing its lien and obtaining possession of the Property. After the bankruptcy case was filed, an attorney in the office which represented the Debtor in the state court proceedings, formed a company known as Midwest CRE Acquisitions Inc., which purchased the note from SFR Venture LLC  for $1,000.  Moreover, investigation showed that the debtor's sole member, Angelica Jastrzebska, was a paralegal in this law office and orchestrated all of these proceedings.  Ms. Jastrzebska failed and refused to attend a first meeting of creditors until a contempt petition was filed.

In order to prevent further fraud on the Receiver, the Receiver submitted a stalking horse real estate contract to me as Trustee in which the sale of the Property was advertised and bidding procedures were established to see if any additional bidders, other than the Receiver, would offer on the Property.  The contract submitted by the Receiver provided that it would credit bid in the amount of its secured claim of $1,083,282, assumption of outstanding real estate taxes of $35,541 and a payment to me, as Trustee, of a fee of not more than 1.5% of the sales price.  The Bankruptcy Court recognized that only two creditors existed in this case, Aspen-Huron and Midwest CRE, and that the Debtor and Midwest CRE were utilizing the bankruptcy case to circumvent the Receiver's paramount right to the Property.  Accordingly, the Court approved the sale and awarded me a 506(c) fee to compensate me for all of my efforts in the case.

As an aside, Aspen Huron filed an adversary complaint to establish its priority over the lien of Midwest CRE.  Midwest CRE failed to Answer or Otherwise Plead to the Complaint and therefore the first priority of Aspen-Huron's claim was established by the Bankruptcy Court.  Moreover neither the Debtor nor Midwest CRE objected to the approval of the sale motion.  Nevertheless, Midwest CRE appealed the sale order.  Ultimately, the District Court found the appeal frivolous and awarded Aspen Huron's counsel $16,956.50 in attorney's fees and costs against Midwest CRE and its attorneys.  Likewise, the matter was appealed to the Seventh Circuit Court of Appeals and a sanction of $2,500 was ordered against Midwest CRE and its counsel.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No.: | 15-25385-TAB | Trustee Name: | David R. Herzog |
| Case Name: | BURLING MANOR, LLC | Date Filed (f) or Converted (c): | 07/26/2015 (f) |
| For the Period Ending: | 3/21/2018 | §341(a) Meeting Date: | 09/08/2015 |
| | | Claims Bar Date: | 07/18/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Initial Projected Date Of Final Report (TFR):**    12/31/2017

**Current Projected Date Of Final Report (TFR):**    12/31/2017

/s/ DAVID R. HERZOG

DAVID R. HERZOG

Page No: 1          Exhibit 9

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | |
|---|---|---|---|
| **Case No.** | <u>15-25385-TAB</u> | **Trustee Name:** | <u>David R. Herzog</u> |
| **Case Name:** | <u>BURLING MANOR, LLC</u> | **Bank Name:** | |
| **Primary Taxpayer ID #:** | **-***4489 | | |
| **Co-Debtor Taxpayer ID #:** | | **Account Title:** | |
| **For Period Beginning:** | <u>7/26/2015</u> | **Blanket bond (per case limit):** | <u>$5,000,000.00</u> |
| **For Period Ending:** | <u>3/21/2018</u> | **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| | | | **TOTALS:** | | $0.00 | $0.00 | $0.00 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $0.00 | $0.00 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $0.00 | $0.00 | |

| **For the period of 7/26/2015 to 3/21/2018** | | **For the entire history of the account between  to 3/21/2018** | |
|---|---|---|---|
| Total Compensable Receipts: | $0.00 | Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 | Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp  Disbursements: | $0.00 | Total Comp/Non Comp  Disbursements: | $0.00 |
| Total Internal/Transfer  Disbursements: | $0.00 | Total Internal/Transfer  Disbursements: | $0.00 |

Case 15-25385 Page No: 2   Exhibit 9

**FORM 2**
CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | |
|---|---|---|
| **Case No.** | 15-25385-TAB | **Trustee Name:** David R. Herzog |
| **Case Name:** | BURLING MANOR, LLC | **Bank Name:** |
| **Primary Taxpayer ID #:** | **-***4489 | |
| **Co-Debtor Taxpayer ID #:** | | **Account Title:** |
| **For Period Beginning:** | 7/26/2015 | **Blanket bond (per case limit):** $5,000,000.00 |
| **For Period Ending:** | 3/21/2018 | **Separate bond (if applicable):** |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | $0.00 | $0.00 | $0.00 |

**For the period of 7/26/2015 to 3/21/2018**

| | |
|---|---|
| Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 07/26/2015 to 3/21/2018**

| | |
|---|---|
| Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ DAVID R. HERZOG

DAVID R. HERZOG